## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### BATESVILLE DIVISION

JERAD KEITH DUNKIN                                                                    PLAINTIFF
ADC #144105

V.                                          NO: 1:11CV00011 DPM/HDY

RICKY MORALES                                                                        DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such  a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Jerad Keith Dunkin, currently held at the Jackson County Detention Center, filed

*a pro se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry #2), on February 8, 2011, naming

as a Defendant Ricky Morales, an officer with the Jackson County Sheriff's Department.

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review

the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be

granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, he was attempting to negotiate his release from custody in return for providing information regarding a case authorities were investigating.  Defendant learned of Plaintiff's efforts, confronted him about it, and accused Plaintiff of withholding information.  Defendant threatened to charge Plaintiff for withholding information, and to inform federal authorities of Plaintiff's actions.  Throughout the confrontation Defendant harassed Plaintiff, used profane language, and acted in an unprofessional manner.  Plaintiff requests that the Court "resign" Defendant for some period of time, preferably permanently, without benefits.  However, threats, verbal abuse, and unprofessional behavior do not amount to a constitutional violation.  See *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992) (mere verbal threats generally do not constitute a Section 1983 claim); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (name calling not a constitutional violation).  Accordingly, Plaintiff's complaint should be dismissed.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.      This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __14__ day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE